UNITED STATES STEEL CORP., now known as USX Corporation, Appellant–Defendant,

v.

William R. SPENCER, Appellee–Plaintiff.

No. 93A02–9312–EX–710.

Court of Appeals of Indiana, Second District.

Jan. 19, 1995.

---

Charles A. Myers, McHie, Myers, McHie & Enslen, Hammond, for appellant.

Timothy O. Malloy, Schreiner & Malloy, P.C., Schererville, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-defendant United States Steel Corporation, now known as USX Corporation (USX), appeals from an award by the full Worker's Compensation Board of Indiana (Board) awarding appellee-plaintiff William R. Spencer 500 weeks of total disability, at the rate of $140.00 per week, and $7,500.00 in attorney's fees.

The facts disclose that on June 15, 1983, Spencer was injured at work when he fell on a piece of coal while attempting to clean the windshield of his truck. The accident occurred at approximately 1:15 A.M. and was witnessed by no other employee. Spencer was unable to return to his regular work at USX after the accident.

The facts further disclose that in 1973 Spencer injured his back while playing baseball. He developed spondylolisthesis [1] resulting from the injury. In 1974 Spencer underwent a lumbar spinal fusion in 1974 to correct the condition but the procedure was unsuccessful. He developed pseudarthrosis [2] of the spinal fusion and a secondary infection of the spine which forced him to take a one-year leave of absence from work. Thereafter, he returned to work with a heavy lifting, bending and standing work restriction imposed on him by his physician. Between 1975 and June 15, 1983, he received continual treatment for the condition. He worked at USX during this time period but with intermittent time off due to his complaints of back pain.

In March 1993, the Board found Spencer to be totally disabled and awarded him compensation. The Board also awarded him attorney's fees. The Board specifically found Spencer "currently has a 55% permanent partial impairment to the body as a whole, of which 35% pre-existed the stipulated accidental injury, and therefore 20% is causally connected to the accidental injury therein." Further, the Board found he "has reached a permanent and quiescent state with respect to this physical condition, impairment and/or disability."

On appeal, the parties agree that Spencer is now permanently and totally disabled. However, USX contends the Board improperly failed to apply IND. CODE § 22–3–3–12 (1988 Ed.) to Spencer's claim. Specifically, it contends Spencer's disability is the combined result of the 1983 injury and his pre-existing condition of spondylolisthesis from the 1973 baseball injury. Spencer on the other hand

---

1. Spondylolisthesis is a defect in one or more vertebrae causing a forward displacement of one vertebrae over another.

2. Pseudarthrosis is a deterioration and instability of a lumbar fusion.

contends the June 15, 1983 accident is the sole cause of his disability. He categorizes his pre-accidental medical difficulties as mere back complaints and argues he has never suffered a pre-existing permanent injury or impairment which disabled him within the meaning of the statute. At most, Spencer claims his pre-existing back condition has merely made him more susceptible to injury and that it did not reach a permanent and quiescent state until the 1983 injury. *See Bethlehem Steel Corporation v. Cummings* (1974), 160 Ind.App. 160, 310 N.E.2d 565, 567, *trans. denied* (IND. CODE § 22–3–3–12 is not applicable where employee has a physical condition rendering him more susceptible to injury). Although the Board made findings as to Spencer's permanent partial impairment, it failed to address the important issue of whether he had a pre-existing condition which was disabling and impairing him or merely a condition making him more susceptible to the 1983 injury.

IND. CODE § 22–3–3–12, referred to as the Apportionment Statute, provides in pertinent part:

**"Subsequent permanent injuries; aggravation; awards**

Sec. 12. If an employee has sustained a permanent injury either in another employment, or from other cause or causes than the employment in which he received a subsequent permanent injury by accident, ... he shall be entitled to compensation for the subsequent permanent injury in the same amount as if the previous injury had not occurred: Provided, however, That *if the permanent injury for which compensation is claimed, results only in the aggravation or increase of a previously sustained permanent injury or physical condition,* regardless of the source or cause of such previously sustained injury or physical condition, *the board shall determine the extent of the previously sustained injury or physical condition, as well as the extent of the aggravation or increase resulting from the subsequent permanent injury, and shall award compensation only for that part of such inju-*

*ry, or physical condition resulting from the subsequent permanent injury . . . ."*
(Emphasis added.)

 The Apportionment Statute applies where an employee has a pre-existing impairment which combines with an impairment resulting from a subsequent compensable accidental injury to render him either permanently totally disabled or·permanently partially impaired in a greater degree than would have resulted from the subsequent injury had there been no pre-existing impairment. *Goodman v. Olin Matheison Chemical Corp.* (1977), 174 Ind.App. 396, 367 N.E.2d 1140, 1144. The statute, however, does not apply to the exacerbation or aggravation of a pre-existing but nonimpairing and nondisabling condition of the body. *Id.*

 The experts agree Spencer is now permanently and totally disabled. Orthopedic surgeon Dr. Marvin Gold gave Spencer a 30% permanent partial impairment rating but he could not offer an opinion as to how much of Spencer's impairment was related to the June 1983 injury. Orthopedic surgeon Dr. William J. Kane gave Spencer a 50% permanent partial impairment rating which he attributed to the failed spinal fusion of 1974. Dr. Randall Morgan, Spencer's family physician, assessed Spencer's permanent partial impairment at 55%. Specifically, Dr. Morgan stated,

"The level of permanent partial impairment [is] ... thirty-five (35) percent permanent partial impairment related to the condition, the loss of motion, and persistent pain following the operative procedure ... [and] ... [w]ith regard to the incidence of pain in the low back subsequent to the on the job injury of June 15, 1983, I feel that this caused an additional permanent partial impairment of twenty (20) percent. Therefore, the total impairment would be fifty-five (55) percent of the man as a whole."

Dr. Morgan found Spencer's disability to be due to a combination of the June 1983 injury and the pre-existing condition of spondylolisthesis from the 1973 injury. In its findings, the Board appears to have given considerable weight to Dr. Morgan's assessment of Spencer's condition. Dr. Morgan's testimony

standing alone may have supported the application of IND. CODE § 22–3–3–12. However, in arriving at its ultimate finding of permanent and total disability, the Board also gave considerable weight to the testimony of Dr. David S. Frank, Ed.D., a clinical psychologist. The Board specifically incorporated into its own findings Dr. Frank's summary recommendations and conclusions.

Dr. Frank had reviewed the reports of the various physicians including that of Dr. Morgan and agreed with the other experts that Spencer is now totally and permanently disabled. Dr. Frank found Spencer to be a high school graduate having an IQ of 84 with reading, spelling, and arithmetic skills at the elementary school level. He further found Spencer to be a depressed person having no transferrable job skills. However, contrary to the opinion of Dr. Morgan, Dr. Frank did not believe any prior condition Spencer may have had contributed to his current disability. Observing that Spencer continued to work at "hard, arduous physical labor" for ten years after the 1973 injury, Dr. Frank concluded that Spencer's previous injury did not have any effect on his ability to do heavy work and the 1983 fall was the cause of his disability.

■ It is the responsibility of the Board to weigh the conflicting opinions of the experts, not ours on appeal. Here, however, because the Board essentially incorporated into its own findings two conflicting expert opinions, the award in its present form is inadequate to permit this Court an intelligent review of the issues raised by the parties on appeal. *See Perez v. United States Steel Corp.* (1981), Ind., 426 N.E.2d 29, 32 (for discussion on what constitutes satisfactory findings of fact from decisions of administrative agencies). For this reason, we remand this cause back to the Board with instructions to enter specific findings on the relevant sub-issues and specifically the propriety of the application of IND. CODE § 22–3–3–12 to Spencer's claim.

■ If on remand the Board expressly finds Spencer was suffering from a condition which impaired or disabled him prior to the 1983 injury, then it must apply IND. CODE § 22–3–3–12 and enter specific findings consistent with the statute. If the Board applies IND. CODE § 22–3–3–12 to Spencer's claim, an award of compensation should be made only for that part of the injury or physical condition resulting from the subsequent injury. *See* IND. CODE § 22–3–3–12. On the other hand, if after reviewing the relevant evidence the Board expressly finds that Spencer's condition made him merely more susceptible to injury and was not impairing him or disabling him to the extent contemplated by IND. CODE § 22–3–3–12, then it must enter specific findings in support and enter an appropriate award to reflect its decision. In examining the evidence, the Board is reminded that the issue of physical impairment concerns medical evidence relating to the loss of bodily function, whereas a disability determination rests on vocational factors relating to the ability of an individual to engage in reasonable forms of work activity. *Rockwell Intern. v. Byrd* (1986), Ind. App., 498 N.E.2d 1033, 1039. Finally, because the Board also improperly failed to enter specific findings regarding its basis for awarding attorney's fees to Spencer, this portion of the award also cannot be adequately reviewed at this time. *See Indiana Bell Tel. Co., Inc. v. Owens* (1980), Ind.App., 399 N.E.2d 443, 445.

Reversed and remanded for further action in accordance with this opinion.

GARRARD and STATON, JJ., concur.