**UNITED STATES STEEL CORP., now known as USX Corporation, Appellant–Defendant,**

v.

**William R. SPENCER, Appellee–Plaintiff.**

No. 93A02–9504–EX–183.

Court of Appeals of Indiana.

Sept. 29, 1995.

Charles A. Myers, McHie, Myers, McHie & Enslen, Hammond, for Appellant.

Timothy O. Malloy, George C. Patrick, Schreiner & Malloy, P.C., Schererville, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellant-defendant United States Steel Corporation, now known as USX Corporation (USX), appeals from an award by the full Worker's Compensation Board of Indiana (Board) granting appellee-plaintiff William R. Spencer 500 weeks of total disability, at the rate of $140.00 per week, and $7,500.00 in attorney's fees following an order of remand and instructions by this Court to enter additional findings. *See U.S. Steel Corp. v. Spencer* (1995), Ind.App., 645 N.E.2d 1106, 1109.

The facts relevant to appeal were summarized, in part, by this Court in *U.S. Steel* and are as follows:

"[O]n June 15, 1983, Spencer was injured at work when he fell on a piece of coal while attempting to clean the windshield of his truck. The accident occurred at approximately 1:15 A.M. and was witnessed by no other employee. Spencer was unable to return to his regular work at USX after the accident.

The facts further disclose that in 1973 Spencer injured his back while playing baseball. He developed spondylolisthesis resulting from the injury. In 1974 Spencer underwent a lumbar spinal fusion in 1974 to correct the condition but the procedure was unsuccessful. He developed pseudarthrosis of the spinal fusion and a secondary infection of the spine which forced him to take a one-year leave of absence from work. Thereafter, he returned to work with a heavy lifting, bending and standing work restriction imposed on him by his physician. Between 1975 and June 15, 1983, he received continual treatment for the condition. He worked at USX during this time period but with intermittent time off due to his complaints of back pain."

(Footnotes omitted.) *U.S. Steel*, 645 N.E.2d at 1107. The Board found Spencer to be permanently and totally disabled and USX to be liable for his disability. *Id.*

In *U.S. Steel*, upon reviewing the evidence, we found there to be inconsistency and ambiguity in the Board's findings and conclusions, and more precisely, on the issues of the application of the Apportionment Statute, *see* IND.CODE § 22–3–3–12 (1988 Ed.), and Spencer's award of attorney's fees. Specifically, while the Board noted Dr. Randall Morgan's assessment of a 35% permanent partial impairment related to a pre-existing condition called spondylolisthesis,[1] from which Spencer suffered, and a 20% permanent partial impairment related to the June 15, 1983 injury, the Board also incorporated within its findings the opinion of Dr. David S. Frank, Ed.D., a clinical psychologist. In fact, the Board appeared to rely heavily on Dr. Frank's opinion.[2] *See U.S. Steel*, 645 N.E.2d at 1109.

The dilemma resulted from a conflict between Dr. Frank's and Dr. Morgan's assessments of Spencer's condition. Dr. Frank had reviewed the reports of Dr. Morgan and the other physicians and while agreeing that Spencer was permanently totally disabled, he disagreed with Dr. Morgan in that he found

---

1. Spondylolisthesis is a defect in one or more vertebrae causing a forward displacement of one vertebrae over another.

2. USX raises various objections to the weight and credibility given Dr. Frank's testimony and his competency to testify to medical matters. However, as Spencer points out, the parties entered into both oral and written stipulations concerning his findings and conclusions. Objections or exceptions regarding any portion of Dr. Frank's testimony, or his competency to render certain conclusions, were available to USX when the stipulations were offered to and accepted by the Board. USX cannot now object during its second appeal when it had the opportunity to do so earlier. Consequently, its objections will not be considered as a basis for reversal.

Spencer's total permanent disability not to be causally related to any preexisting condition. Thus, while Dr. Morgan's conclusion arguably supported the application of the Apportionment Statute, Dr. Frank's findings and conclusion supported a decision to the contrary or against its application. This being so, the cause was remanded for additional findings. *See U.S. Steel*, 645 N.E.2d at 1109. This Court instructed:

> "If on remand the Board expressly finds Spencer was suffering from a condition which impaired or disabled him prior to the 1983 injury, then it must apply IND. CODE § 22–3–3–12 and enter specific findings consistent with the statute. If the Board applies IND.CODE § 22–3–3–12 to Spencer's claim, an award of compensation should be made only for that part of the injury or physical condition resulting from the subsequent injury. *See* IND.CODE § 22–3–3–12. On the other hand, if after reviewing the relevant evidence the Board expressly finds that Spencer's condition made him merely more susceptible to injury and was not impairing him or disabling him to the extent contemplated by [the statute], then it must enter specific findings in support and enter an appropriate award to reflect its decision."

(Emphasis added.)

The Board responded to our demand by entering sufficient additional findings, reaffirming its reliance on Dr. Frank's testimony and its award, and by clarifying that attorney's fees were to be deducted from Spencer's award, not in addition to it. USX appeals the Board's decision.

On appeal, USX raises several issues, which we consolidate into two:

(1) whether the Board erred in failing to apply IND.CODE § 22–3–3–12 to Spencer's claim; and

(2) whether there is sufficient evidence in the record to support the Board's award.

■ In contesting the Board's decision, USX confronts a stringent standard of review. This Court is bound by the factual determinations of the Board and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion. *Four Star Fabricators, Inc., v. Barrett* (1994), Ind.App., 638 N.E.2d 792, 794; *Jablonski v. Inland Steel Co.* (1991), Ind. App., 575 N.E.2d 1039, 1041, *trans. denied;* *K–Mart Corp. v. Novak* (1988), Ind.App., 521 N.E.2d 1346, 1348, *trans. denied.* Additionally, all unfavorable evidence must be disregarded in favor of an examination of only that evidence and the reasonable inferences therefrom which support the Board's findings. *Four Star Fabricators, Inc.*, 638 N.E.2d at 794. Further, this Court neither reweighs the evidence nor judges the witness's credibility, as these tasks are within the dominion of the Board.

■ That Spencer is now permanently totally disabled is not at dispute. However, as it was in *U.S. Steel*, at issue here *inter alia*, is the applicability of the Apportionment Statute and the sufficiency of the Board's findings and conclusions to support the award. IND.CODE § 22–3–3–12 reads, in pertinent part,

> **"Subsequent permanent injuries; aggravation; awards**
>
> Sec. 12. If an employee has sustained a permanent injury either in another employment, or from other cause or causes than the employment in which he received a subsequent permanent injury by accident, . . . he shall be entitled to compensation for the subsequent permanent injury in the same amount as if the previous injury had not occurred: Provided, however, That *if the permanent injury for which the compensation is claimed, results only in the aggravation or increase of a previously sustained permanent injury or physical condition,* regardless of the source or cause of such previously sustained injury or physical condition, *the board shall determine the extent of the previously sustained permanent injury or physical condition, as well as the extent of the aggravation or increase resulting from the subsequent permanent injury, and shall award compensation only for that part of such injury, or physical condition resulting from the subsequent permanent injury . . . ."*

(Emphasis added.) Further,

> "The Apportionment Statute applies where an employee has a pre-existing impairment

which combines with an impairment resulting from a subsequent compensable accidental injury to render him either permanently totally disabled or permanently partially impaired in a greater degree than would have resulted from the subsequent injury had there been no pre-existing impairment.... *The statute, however, does not apply to the exacerbation or aggravation of a pre-existing but nonimpairing and nondisabling condition of the body."* (Emphasis added.) *U.S. Steel,* 645 N.E.2d at 1108, *citing Goodman v. Olin Matheison Chemical Corp.* (1977), Ind.App., 367 N.E.2d 1140, 1144. Thus, in deciding upon the applicability of a statute, the threshold issue is whether the June 15, 1983 accident at USX caused Spencer to become permanently and totally disabled, or as USX urges, whether prior to this event, Spencer had a pre-existing impairment or disability which, *in combination* with his June 15, 1983 injury, rendered him either permanently totally disabled or permanently impaired in a greater degree than would have resulted from his June 15, 1983 injury had there been no pre-existing impairment or disability. *See* IND. CODE § 22–3–3–12.

On remand, the Board concluded, in no uncertain terms, that Spencer did not suffer from a disabling condition prior to his June 15, 1983 accident. Instead, it concluded the June 15, 1983 accident at USX in and of itself caused his total permanent disability. However, USX claims the evidence does not support this conclusion. Rather, it contends the statute should have been applied.

USX complains of error in the Board's findings. For instance, it takes issue with the Board's findings that Spencer was able to work at USX even with his pre-existing back pain and that anything Spencer suffered from prior to June 15, 1983, was not such that it would naturally progress into permanent total disability on its own. Spencer contends the use of these factors in an IND. CODE § 22–3–3–12 analysis improperly injects into the statute implied requirements which run contrary to its purpose, and which place insurmountable burdens upon employers who hire employees with disabilities. However, USX appears to mistake both the purpose and the proper application of the statute.

■ USX is correct that recent legislation mandates the employment of American citizens with disabilities. *See e.g.* 42 U.S.C.A. § 12101, *et seq.* (Americans with Disabilities Act). Yet, equally true is that an "employer takes an employee as he finds him, if he takes him at all." *Goodman,* 367 N.E.2d at 1146. Worker's compensation legislation attempts to strike a balance between these policies and attempts to protect both the employee and the employer in settling claims arising from workplace accidents. *See Kinzie v. Gen. Tire & Rubber Co.* (1956), 235 Ind. 592, 600, 134 N.E.2d 212, 216 (obvious purpose of Apportionment amendment was to remove major barrier against employment of disabled and to deal more fairly with employers in regard to settling claims). For instance, it is a long-standing principle that an employee is entitled to recover compensation for injuries which arise from employment. *See* IND.CODE § 22–3–2–2 (1988 Ed.) (mandating employers to pay and employees to accept compensation for personal injury or death by accident arising from employment). Moreover, the law does not require that an employee be mentally or physically perfect or that an employee come to an employer without pre-existing conditions, aches or pains. *Goodman,* 367 N.E.2d at 1146. Nor does it allow compensation only for those injuries which such a perfect employee would suffer in a similar accident. *Id.*

■ By contrast, fairness dictates that the employer should only be responsible for compensating those injuries which result solely from events within its employ. The Apportionment Statute furthers this policy by providing that if an employee comes to an employer with a pre-existing impairment or disability which combines with a subsequent accident to result in further impairment or disability, the employer will not be liable for that portion of the injury not directly related to its employment. On the other hand, if an employee has merely common ailments, i.e., back pain as Spencer was found by the Board to suffer from here, but thereafter falls victim to a workplace accident, it would not be just to deny such employee compensa-

tion for his injury because he did not come to his employer as a mentally and physically perfect employee even if such perfect employee would not have sustained the same injury. In sum, the statute attempts to separate those injuries which merely combine with pre-existing impairments or disabilities to render an employee disabled, and those disabilities which are, in fact, merely aggravations of pre-existing impairments or disabilities, from those injuries which occur, perhaps to mentally and physically imperfect employees, solely from events at the current employer's workplace. *See Rockwell Intern. v. Byrd* (1986), Ind.App., 498 N.E.2d 1033, 1038 (although employee had susceptibility to back injury, apportionment not proper where Board found employee did not have pre-existing back impairment or disability); *Bethlehem Steel Corporation v. Cummings* (1974), 160 Ind.App. 160, 310 N.E.2d 565, 567 (where claimant has physical condition which renders him more susceptible to being injured rather than an existing impairment or disability in affected member, claimant entitled to recover for full extent of injury).

That Spencer's condition was not of the sort which would normally progress to disability on its own, merely supports the Board's finding that although Spencer was an employee with back pain and was susceptible to back injury, it was the June 15, 1983 injury which rendered him disabled, not some pre-existing impairment or partial disability which did so. Likewise, that Spencer was able to work with such back pain, or as Dr. Frank found, was able to work at "hard arduous labor" for ten years following his 1973 injury, supports the same conclusion. The Board's use of these factors in its IND. CODE § 22-3-3-12 analysis neither compromises the purpose of the Apportionment Statute nor places insurmountable burdens on employers in seeking its application.

 USX also points to Spencer's absenteeism in support of its argument for the application of the statute. A review of the record, however, indicates the Board did consider Spencer's chronic absences in its review. While the Board could not pinpoint each of their exact causes, it did offer two possible reasons. The Board opined the absences could have been due to either Spencer's attempt at hiding an alcohol problem or that his "employment aggravated his pre-existing condition causing temporary loss of time."

The evidence discloses Spencer sometimes lied about his back pain to cover up his alcohol problem. Also, Spencer stated he used back pain as an excuse when he did not want to go to work. Additionally, Spencer revealed that he had a doctor who would corroborate his back pain, when in fact he had none. Spencer also acknowledged he did have back pain which caused him to miss work on occasion. There is ample evidence to support these two findings.

USX asks for a remand for further findings, in part, because of the Board's failure to pinpoint the exact cause of the absences. This is not necessary. In our analysis, it is significant only that upon considering and weighing the evidence, the Board could not find conclusively such absences were attributable to any pre-existing impairment or disability mandating the statute's application. As Spencer successfully convinced the Board, and there is evidence in the record to support the Board's conclusion, that his absences were not due to any such pre-existing impairment or disability mandating the application of the statute, but were instead due to many other reasons such as alcoholism, indolence, and back pain, the Board's conclusion will not be second-guessed on appeal.

On remand, the Board further clarified for this Court that attorneys fees were not awarded in addition to but rather were to be deducted from Spencer's award. It acted properly in doing so. *See* IND.CODE § 22-3-4-12 (1988 Ed.) (claimant's attorney's fees paid from award but Board may order fees in addition to award upon finding employer's bad faith in adjusting and settling claim).

 Spencer asks this Court to award him appellate attorney's fees as a punitive sanction for his efforts in defending the Board's award. In awarding such fees, the appellate tribunal should use extreme restraint. *Orr v. Turco Mfg. Co., Inc.* (1987), Ind., 512 N.E.2d 151, 152. Appellate attorney's fees may, however, be awarded where

the arguments on appeal are "utterly devoid of all plausibility." *Id.* Spencer has not successfully shown this to be the case. His request is denied.

Inasmuch as there is no dispute that Spencer is now permanently and totally disabled, the Board properly found Spencer did not suffer from any pre-existing permanent disability or impairment mandating the application of the Apportionment Statute, and there exists no error in the award of attorney's fees, the Board's award is affirmed.

Affirmed.

GARRARD and NAJAM, JJ., concur.