**Roger Dale BOWLES, Appellant–Employee,**

v.

**GRIFFIN INDUSTRIES,
Appellee–Employer.**

No. 93A02–0212–EX–1021.

Court of Appeals of Indiana.

Nov. 20, 2003.

C. Richard Marshall, Columbus, Indiana, Karon E. Perkins, Columbus, IN, Attorneys for Appellant.

Michael G. Getty, Hill Fulwider McDowell Funk & Matthews, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellant-employee Roger Dale Bowles appeals from the Full Worker's Compensation Board's (Board) decision in his case against appellee-employer Griffin Industries (Griffin) awarding him reduced permanent total disability benefits because of a prior medical condition. Specifically, Bowles claims that the Board erred by using impairment factors to reduce his disability award because "impairment" and "disability" are two distinct categories of benefits that require that different factors be taken into consideration. Concluding that the Board erred in applying *impairment* factors in reducing Bowles's *disability* benefits, we reverse and remand.

### FACTS

The facts most favorable to the Board's decision reveal that on December 15, 1986, Bowles visited Dr. Ronald G. Bennett complaining of back problems, bilateral leg pain, and difficulty walking. Bowles told Dr. Bennett that he had suffered from back pain for seven years and that his back pain was so severe that he had been hospitalized the previous June. Dr. Bennett noted that Bowles had previously been treated with cortisone injections. Dr. Bennett saw Bowles again in January and February 1987 because of Bowles's continued back pain, and, in August 1987, Dr. Bennett performed a discectomy on Bowles to alleviate his symptoms.

On October 24, 1990, Bowles, while employed full-time by Griffin as a driver, injured his lower back "in an incident arising out of and in the course of his employment" for Griffin. Appellee's Br. p. 1. Griffin paid Bowles temporary total disability (TTD) benefits and statutory medical benefits from the day of the incident until September 22, 1993. Bowles filed his

Application for Adjustment of Claim on September 30, 1993.

A hearing before a member of the Board was conducted on May 25, 2000, and on March 5, 2002, the member found that Bowles was permanently partially impaired (PPI) as a result of the October 24, 1990 injury. Moreover, the Board member found that Bowles's PPI rating was 21% of the whole person, as determined by Dr. Bennett. The Board member adopted Dr. Bennett's opinion that 11% impairment—53.5% of the 21% impairment rating—was attributable to the injury he received while employed with Griffin and 10% impairment—46.5% of the 21% impairment rating—was caused by Bowles's prior condition. Thus, the Board member awarded Bowles $6600 in reduced PPI benefits. The Board member held that "Just as his PPI is apportioned between his prior active condition and his work injury of October 24, 1990, pursuant to IC 22–3–3–12, [Bowles's] PTD should also be apportioned." Appellant's Br. p. 55. Accordingly, the Board member awarded Bowles $55,967.13 in PTD benefits, which represented 53.5% of the PTD benefits he would have received had he not had a preexisting condition. The Full Worker's Compensation Board affirmed the Board member's decision. Bowles now appeals.

### DISCUSSION AND DECISION

■■■ We note that an appellant contesting the Board's decision "confronts a stringent standard of review." *U.S. Steel Corp. v. Spencer*, 655 N.E.2d 1243, 1246 (Ind.Ct.App.1995) (*Spencer II*). "This Court is bound by the factual determinations of the Board and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion." *Id.* We look to the record to ensure that the substantial evidence and reasonable inferences therefrom support the Board's findings and conclusions. *Rork v. Szabo Foods*, 439 N.E.2d 1338, 1341 (Ind. 1982).

### I. Worker's Compensation Benefits

■■■ We first note that the Indiana Worker's Compensation Act provides several types of benefits to injured workers. The two types of benefits at issue here are permanent total *disability* (PTD) benefits and permanent partial *impairment* (PPI) benefits. PTD benefits are awarded under Indiana Code section 22–3–3–8 "when it is established that the employee will never again be able to work in a reasonable employment." Indiana Worker's Compensation Board, *Guide to Indiana Worker's Compensation* at http://www.in.gov/workcomp/attorneys/handbook/HANDBK2003.html# CompensationforLostWages (last visited October 28, 2003). On the other hand, PPI benefits are awarded under Indiana Code section 22–3–3–10 because of "the partial or total loss of the function of a member or members of the body or the body as a whole." *Id.* Thus, the touchstone for PTD is the extent to which the employee's ability to work has been compromised, while the aim of a PPI determination is to decide what parts of an employee's body have lost their proper function and to what extent. *Van–Scyoc v. Mid–State Paving*, 787 N.E.2d 499, 508 (Ind.Ct.App.2003).

### II. Apportionment Statute

■■■ At issue here is Indiana Code section 22–3–3–12 (Apportionment Statute), which apportions worker's compensation awards between pre-employment and employment periods in the event that an injury suffered in the course of employment aggravated a prior medical condition. The Apportionment Statute reads, in relevant part:

If an employee has sustained a permanent injury either in another employment, or from other cause or causes than the employment in which he received a subsequent permanent injury by accident, such as specified in section 31, he shall be entitled to compensation for the subsequent permanent injury in the same amount as if the previous injury had not occurred: Provided, however, that if the permanent injury for which compensation is claimed, results only in the aggravation or increase of a previously sustained permanent injury or physical condition, regardless of the source or cause of such previously sustained injury or physical condition, the board shall determine the extent of the previously sustained permanent injury or physical condition, as well as the extent of the aggravation or increase resulting from the subsequent permanent injury, and shall award compensation only for that part of such injury, or physical condition resulting from the subsequent permanent injury.

(footnote omitted). This statute ensures that an employer is only responsible for compensating those injuries that resulted from the employee's employment. *Spencer*, 655 N.E.2d at 1247.

In *U.S. Steel Corp. v. Spencer*, 645 N.E.2d 1106 (Ind.Ct.App.1995)(*Spencer I*), the plaintiff had a previous back injury from playing baseball, an injury that had required more than one surgery in the past. In 1983, when Spencer slipped on a piece of coal and exacerbated his back condition, he was left totally *disabled*. A physician determined that 35% of Spencer's bodily *impairment* was attributable to the prior injury, while a clinical psychologist testified that "Spencer's previous injury did not have any effect on his ability to do heavy work and the 1983 fall was the cause of his *disability*." *Id.* at 1109 (emphasis added). The Board awarded

Spencer PTD and PPI benefits. The Board specifically found that 35% of Spencer's impairment was caused by his prior injury. U.S. Steel appealed, arguing that the Apportionment Statute should have been applied to reduce Spencer's disability award. On appeal, we remanded the cause to the Board, stating:

> If on remand the Board expressly finds Spencer was suffering from a condition which impaired or disabled him prior to the 1983 injury, then it must apply Ind. Code § 22–3–3–12 and enter specific findings consistent with the statute. If the Board applies Ind.Code § 22–3–3–12 to Spencer's claim, an award of compensation should be made only for that part of the injury or physical condition resulting from the subsequent injury.

*Id.* Moreover, we stated that "the Board is reminded that the issue of physical impairment concerns medical evidence relating to the loss of *bodily function*, whereas a disability determination rests on *vocational factors* relating to the ability of an individual to engage in reasonable forms of work activity." *Id.*

In *Spencer II*, we upheld the Board's award of full PTD benefits to Spencer. The Board included an apportionment analysis under Indiana Code section 22–3–3–12 and determined that "the June 15, 1983 accident at [U.S. Steel] in and of itself caused his total permanent disability." *Spencer*, 655 N.E.2d at 1247. Thus, the Apportionment Statute did not apply to Spencer's situation to reduce the benefits due from U.S. Steel.

Here, the Board found that Bowles's impairment was partly due to a prior condition. Specifically, the Board found that 46.5% of Bowles's impairment was attributable to his prior back problems. This conclusion is not at issue. What is at issue

is that the Board proceeded to apply that same ratio to Bowles's disability award.

Bowles contends, correctly, that there is no statutory procedure to reduce a *disability* award by using *impairment* statistics. Bowles admits that he began work at Griffin with an impaired back but that "any 'old' impairment is only compared to any 'new' impairment, and any 'old' disability is only compared to any 'new' disability." Appellant's Br. p. 46. To compare an old impairment to a new disability is not only illogical, claims Bowles, but is not provided for in the Apportionment Statute. Moreover, Bowles points out that he was working full time for Griffin and, thus, he was obviously not "disabled," as that term is used in relation to the Worker's Compensation Act.

It is evident to us that the Board did not consider that "the issue of physical impairment concerns medical evidence relating to the loss of bodily function, whereas a disability determination rests on vocational factors relating to the ability of an individual to engage in reasonable forms of work activity." *Spencer,* 645 N.E.2d at 1109. Instead, the Board simply applied the *impairment* ratio to determine the allocation of a *disability* award. Because such a procedure is not within the language of the Apportionment Statute, we must reverse and remand.

We note that the use of *impairment* rates—provided by physicians such as Dr. Bennett—may be used to apply the Apportionment Statute to reduce PPI awards. However, to reduce a disability award through the use of the Apportionment Statute, evidence of vocational factors—such as testimony by a vocational rehabilitation specialist—is necessary. *See Spencer,* 645 N.E.2d at 1109. In some situations, both PPI and PTD awards will undoubtedly be reduced by the same amounts. However, to reduce a disability

award, the correct factors—vocational factors—must be part of the record. Such was not the case here. Consequently, we must remand this cause to the Board for further proceedings.

Reversed and remanded.

BROOK, C.J., and SHARPNACK, J., concur.